```
Daniel G. Bogden
United States Attorney
District of Nevada
Robert Knief
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada  89101
702-388-6336
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>vs.<br><br>MIKHAIL MALEEV,<br><br>    Defendant | Case No. 2:12-CR-440-JAD-GWF<br><br>**PLEA AGREEMENT UNDER<br>FED.R.CRIM.P. 11 (c)(1)(A & B)** |

THE UNITED STATES OF AMERICA, by the United States Attorney and undersigned Assistant United States Attorney, and defendant MIKHAIL MALEEV, with the advice and counsel of his undersigned attorney, submit this Plea Agreement pursuant to Fed.R.Crim.P. 11(c)(1)(A and B).

**I.  SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the UNITED STATES OF AMERICA and MIKHAIL MALEEV, the defendant.  This Plea Agreement binds defendant and the United States Attorney's Office for the District of Nevada.  It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.  The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture.  It does not control or prohibit the UNITED STATES or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

**A.    Guilty Plea:** Defendant knowingly and voluntarily agrees to plead guilty to the charge that he conspired with others to conduct, or to participate in the conduct of, an enterprise engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d) as set forth in Count One of the indictment in this case. The Defendant also agrees to the forfeiture of the property set forth in this Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Indictment.

**B.    Waiver of Trial Rights:** Defendant understands that he is presumed innocent and has the right to maintain his plea of not guilty and require that the government prove his guilt beyond a reasonable doubt at trial. Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving – that is, giving up – his right to a trial and related rights guaranteed to all defendants by the Constitution and laws of the United States. Specifically, defendant is giving up:

(1) The right to trial by jury (or to a trial by a judge if the parties both were to so agree);

(2) The right to confront and cross-examine the witnesses against him at trial;

(3) The right to remain silent with assurance that his silence could not be used against him in any way;

(4) The right to testify in his own defense at trial if he so chooses;

(5) The right to compel witnesses to appear at trial and testify in his behalf; and

(6) The right to have the assistance of an attorney at all stages of such proceedings.

**C.    Withdrawal of Guilty Plea:** Defendant will not seek to withdraw his guilty plea after he has entered it in court.

**D.    Additional Charges:** Provided that defendant fulfills all of his promises and

responsibilities under this Plea Agreement, the UNITED STATES agrees to move to dismiss any additional charges pending against defendant in this case at the time of sentencing, and agrees not to bring additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States Attorney's Office for the District of Nevada with the exception of charges pertaining to any crimes of violence.  The UNITED STATES expressly reserves the right to bring charges for any additional crime of violence as defined in 18 U.S.C. § 16.

### III.   ELEMENTS OF THE OFFENSE

Count One of the indictment charges that during the span from September 2008 through November 2012, defendant conspired with others, known and unknown, to conduct and participate, directly and indirectly, in the conduct of affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).  This offense has two elements:

> First, a conspiracy or agreement, as generally described in the Indictment, existed between two or more persons to conduct or participate in the affairs of an enterprise that was (or would have) engaged in or affected interstate or foreign commerce; and
>
> Second, the defendant joined or became a member of the conspiracy with knowledge of its purposes and that someone (not necessarily the defendant) would conduct the enterprise's affairs, or participate, directly or indirectly, in the conduct of the enterprise's affairs, through a pattern of racketeering activity, that is, at least two racketeering acts.

*See Salinas v. United States*, 522 U.S. 52, 63-65 (1997); *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir.1991); *United States v. Harris*, 695 F.3d 1125, 1131-33 (10th Cir. 2012); 18 U.S.C.

§§ 1961(1), 1961(5), 1962(c), and 1962(d).  *See also* NINTH CIR. MODEL CRIMINAL JURY INSTRUCTION 8.20 (2010 ed.).

### IV. FACTS SUPPORTING GUILTY PLEA

**A.** Defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

**B.** Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the UNITED STATES could prove his guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

**C.** Defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

**D.** Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct.

(1) CLS Nevada, LLC, is a Nevada Limited Liability Company. Doing business as "CLS Transportation, Las Vegas," CLS Transportation operated limousines and provided limousine services in and around Las Vegas, Nevada.

(2) CLS Nevada, LLC, and its managers, employees and associates constituted an enterprise as defined by Title 18, United States Code, Section 1961(4), to wit: a group of individuals associated in fact, which enterprise was engaged in and the activities of which affected interstate and foreign commerce.

(3) The management and members of the enterprise exploited CLS's position as a predominant limousine service in Las Vegas to conduct a broad range of criminal activities, including distribution of controlled substances and facilitation of prostitution. Additionally, the

owners and managers of CLS used the enterprise to commit bank fraud through an extensive check kiting scheme.

    (4)  Within the span and scope of the conspiracy described in Count One, MIKHAIL MALEEV conspired with CHARLES HORKY and others at CLS to conduct and participate, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity. More particularly, MALEEV conspired with others to commit multiple acts of racketeering activity. As part of the criminal enterprise, CLS employees and associates conspired to, and did, distribute controlled substances to CLS clients in CLS limousines. MALEEV personally participated in distributing small quantities of cocaine from CLS limousines while employed as a CLS limousine driver.

    (5)  Defendant affirmatively admits that CLS Transportation and its managers, employees and associates constituted an enterprise as defined by 18 U.S.C. § 1961(4), to wit: a group of individuals associated in fact, and that the enterprise was engaged in, and its activities affected, interstate commerce. Defendant further admits that he conspired with others to conduct, and to participate in the conduct of, the enterprise's affairs through at least two acts of racketeering activity within the span pattern of racketeering activity. Defendant joined or became a member of the conspiracy with knowledge of its purposes and that someone (not necessarily the defendant) would conduct the enterprise's affairs, or participate, directly or indirectly, in the conduct of the enterprise's affairs, through a pattern of racketeering activity comprised of at least two acts of racketeering activity.

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea

Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on defendant's behalf. Defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

**VI. APPLICATION OF SENTENCING STATUTES**

  **A.**  **Maximum Penalty:** The statutorily authorized penalty for a conspiracy to conduct, or participate in the conduct, of an enterprise's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d) as charge in Count One includes: a term of imprisonment of not more than 20 years, *see* 18 U.S.C. § 1963; forfeiture, 18 U.S.C. § 1963; and a fine of not greater than twice the gross loss or, alternatively, not more than $250,000, *see* 18 U.S.C. § 3571(b).

  **B.**  **Factors Under 18 U.S.C. § 3553:** The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining defendant's sentence.

  **C.**  **Supervised Release:** In addition to imprisonment and a fine, defendant will be subject to a term of supervised release not to exceed three (3) years for each count of conviction. *See* 18 U.S.C. § 3583(b)(2). Supervised release is a period of time after release from prison during which defendant will be subject to various restrictions and requirements. If defendant violates any condition of supervised release, the Court may order defendant's return to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum prison sentence identified above.

  D. **Special Assessment**: Defendant will pay a $100.00 special assessment per count of conviction at the time of sentencing.

## VII. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

  A. **Discretionary Nature of Sentencing Guidelines**: Defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

  B. **Offense Level Calculations:** The parties stipulate to and jointly recommend the following calculation of the defendant's Offense Level under the Sentencing Guidelines. The parties agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions. Further, the defendant expressly understands and acknowledges that neither these stipulations nor the Sentencing Guidelines bind the Court. Further, defendant affirmatively acknowledges that the Court may impose any sentence within the statutory maximum notwithstanding any applicable Sentencing Guidelines provisions.

  (1) Base Offense Level:  14   [USSG § 2E1.1]

Section 2E1.1 of the Sentencing Guidelines is applicable to the violation of 18 U.S.C. § 1962 charged in Count One. Section 2E1.1 instructs that the Base Offense Level for that offense is the greater of: Level 14 or the offense level applicable to the underlying racketeering activity.

  (2) Mitigating Role:  -~~2~~ 3   [USSG § 3B1.2(b)] 

The parties agree and stipulate that under the facts and circumstances of the case, this defendant was substantially less culpable than most of his co-conspirators. A ~~2~~ 3 Level

downward Mitigating Role adjustment is therefore warranted under Sentencing Guidelines § 3B1.2(b).

(3) <u>Acceptance of Responsibility:</u>   -X 2  µµ  AD                [USSG § 3E1.

Pursuant to § 3E1.1(a) of the Sentencing Guidelines, the UNITED STATES will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless he:

  (a) Fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea;

  (b) Fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea;

  (c) Fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea;

  (d) Provides false or misleading information to the UNITED STATES, the Court, Pretrial Services, or the Probation Office;

  (e) Denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense;

  (f) Attempts to withdraw his guilty plea;

  (g) Commits or attempts to commit any additional crime;

  (h) Fails to appear in court; or

  (i) Violates any condition of pretrial release.

~~Further, the UNITED STATES will move for an additional one-level downward adjustment for timely acceptance of responsibility under §3E1.1(b) of the Sentencing Guidelines provided that defendant communicates his decision to plead guilty in a sufficiently~~

8

1  ~~timely manner to allow the UNITED STATES~~ to avoid preparing for trial and to ~~efficiently~~

2  ~~allocate its resources~~.

        (5)    Total Offense Level:       09

   The parties agree that no other offense characteristics, enhancements or adjustments are applicable under the Sentencing Guidelines, and neither party will request or present evidence to support Sentencing Guideline calculations not contained in this plea agreement. The Sentencing Guidelines calculations recommended by the parties, if adopted and applied by the Court, would result in a Total Offense Level of 9 if defendant is awarded a full 3 Levels for Acceptance of Responsibility and a 3 Level reduction for mitigating role.

       **C.**    **Criminal History Category**: Defendant acknowledges that the Court may base his sentence in part on his criminal record or Criminal History. The parties have not entered into a stipulation regarding his Criminal History, and defendant understands and acknowledges that the Court will determine his Criminal History Category under the Sentencing Guidelines.

       **D.**    **Relevant Conduct**: The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

       **E.**    **Additional Sentencing Information**: The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw his guilty plea.

   Defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its

investigation. Defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for defendant to withdraw his guilty plea.

### VIII. POSITIONS REGARDING SENTENCE

**A.     No Departures or Variance from the Sentencing Guidelines**: In consideration of the parties' respective promises and benefits conferred under this Plea Agreement, neither party will request a departure nor a variance from the Sentencing Guidelines sentencing range as determined by the Court unless both parties agree in writing to the propriety of such a departure or variance.

**B.     Recommendation**: The parties agree and stipulate that a sentence within the Sentencing Guidelines range contemplated in this plea agreement is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). If the Sentencing Guidelines range determined by the Court is higher than that contemplated by the parties, the parties may present evidence and argument in support of a sentence consistent with this plea agreement and within the Sentencing Guidelines' range calculated herein. The UNITED STATES will recommend that the Court impose a sentence at the lower end of the Sentencing Guidelines' range applied by the Court unless defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. Defendant will recommend that the Court impose a sentence within the Sentencing Guidelines range contemplated in this plea agreement. Defendant acknowledges that the Court does not have to follow the parties' recommendations. Notwithstanding the parties' recommended Sentencing Guidelines calculations and sentence, the UNITED STATES reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

## IX. DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

    A.    **Plea Agreement and Decision to Plead Guilty:** Defendant acknowledges that:

        (1) He has read this Plea Agreement and understands its terms and conditions;

        (2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

        (3) He has discussed the terms of this Plea Agreement with his attorney;

        (4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV;

        (5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it;

        (6) Defendant, with the advice and counsel of his attorney, had a choice to proceed to trial rather than pleading guilty, and defendant decided and chose to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial; and

        (7) Defendant decided to plead guilty voluntarily, and that no one coerced or threatened him to plead guilty or enter into this Plea Agreement.

    B.    **Waiver of Appeal and Post-Conviction Proceedings:** Defendant knowingly and expressly waives:

        (1) The right to appeal any sentence imposed within or below the Sentencing Guideline range contemplated in this Plea Agreement (while expressly reserving the right to appeal any sentence above the Sentencing Guideline range set forth in this Plea Agreement);

        (2) The right to appeal the manner in which the Court determined that sentence on

the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture;

    (3) Any and all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

Further, defendant agrees and acknowledges that the UNITED STATES is not obligated or required to preserve any evidence obtained in the investigation of this case.

    C.   **Removal/Deportation Consequences:** Defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. Defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. Defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. Defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

**XIII.  ADDITIONAL ACKNOWLEDGMENTS**

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the UNITED STATES, and no additional promises,

agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

Daniel G. Bogden
United States Attorney

DATE 2/24/15

Robert Knief
Assistant United States Attorney

DATE 2.23.15

Mikhail Maleev
Defendant

DATE 2/23/2015

Angel Dows
Defense Counsel

13