AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MIKHAIL MALEEV | ) | Case Number: 2:12-CR-440-JAD-GWF |
| | ) | USM Number: 47437-048 |
| | ) | Angela Dows |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)   ONE OF THE INDICTMENT

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 1962(d) | Conspiracy to Conduct or Participate in an Enterprise Engaged in a Pattern of Racketeering Activity | 11/2012 | 1 |

    The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/27/2015
Date of Imposition of Judgment

/s/ Signature of Judge

JENNIFER A. DORSEY, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

May 28, 2015
Date

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 4—Probation

Judgment—Page 2 of 5

DEFENDANT: MIKHAIL MALEEV
CASE NUMBER: 2:12-CR-440-JAD-GWF

# PROBATION

The defendant is hereby sentenced to probation for a term of :   **THREE (3) YEARS**

The defendant shall not commit another federal, state or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 4C — Probation

Judgment—Page __3__ of __5__

DEFENDANT:       MIKHAIL MALEEV
CASE NUMBER:     2:12-CR-440-JAD-GWF

## SPECIAL CONDITIONS OF SUPERVISION

**1. Home Confinement with Location Monitoring** - You shall be confined to home confinement with location monitoring, if available, for a period of 4 months. Further, you shall be required to contribute to the costs of services for such monitoring, as approved and directed by the probation office based upon your ability to pay.

**2. No Contact Condition** - You shall not have contact, directly or indirectly, associate with your co-conspirators, or be within 500 feet of your co-conspirators, their residence or business, and if confronted by those individuals in a public place, you shall immediately remove yourself from the area.

**3. Gambling Prohibition** - You shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved and directed by the probation officer.

**4. Warrantless Search** - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

**5. Possession of Weapons** - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law**.**

*Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)   _____        _____
                   Defendant                              Date


           _____        _____
           U.S. Probation/Designated Witness            Date

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT: MIKHAIL MALEEV
CASE NUMBER: 2:12-CR-440-JAD-GWF

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ 0      | $ 0             |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ | $ |
|--------|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 5 of 5

DEFENDANT: MIKHAIL MALEEV
CASE NUMBER: 2:12-CR-440-JAD-GWF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 100.00 due immediately, balance due

  ☐ not later than _____, or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
**SEE ATTACHED FINAL ORDER OF FORFEITURE**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                                DISTRICT OF NEVADA

8  UNITED STATES OF AMERICA,        )
9           Plaintiff,               )
10         v.                        )   2:12-CR-440-JAD-(GWF)
11  MIKHAIL MALEEV,                  )
12          Defendant.                )

**FINAL ORDER OF FORFEITURE**

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 1963(a)(1), (a)(2), (a)(3), and (m); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p) based upon the plea of guilty by defendant MIKHAIL MALEEV to the criminal offense, forfeiting the property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Indictment and shown by the United States to have the requisite nexus to the offense to which defendant MIKHAIL MALEEV pled guilty. Indictment, ECF No. 1; Bill of Particulars, ECF No. 92; Change of Plea, ECF No. 283; Plea Agreement, ECF No. 284; Preliminary Order of Forfeiture, ECF No. 289.

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from March 12, 2015, through April 10, 2015, notifying all potential third parties; and notified known

///

1 | third parties by personal service or by regular mail and certified mail return receipt requested, of their
2 | right to petition the Court. Notice of Filing Proof of Publication, ECF No. 334.
3 |       On March 13, 2015, the United States Attorney's Office served Registered Agent for
4 | American Express Company, CT Corporation System, with copies of the Preliminary Order of
5 | Forfeiture and the Notice through regular and certified mail, return receipt requested. Notice of Filing
6 | Service of Process – Mailing, ECF No. 340.
7 |       On March 13, 2015, the United States Attorney's Office served Kenneth I. Chenault,
8 | Chairman and CEO, American Express Company, with copies of the Preliminary Order of Forfeiture
9 | and the Notice through regular and certified mail, return receipt requested. Notice of Filing Service of
10 | Process – Mailing, ECF No. 340.
11 |       On March 12, 2015, the United States Marshalls Service personally served Bank of George,
12 | Alan C. Sklar, Registered Agent, with copies of the Preliminary Order of Forfeiture and the Notice.
13 | Notice of Filing Service of Process – USMS, ECF No. 341, p. 2-10.
14 |       On March 12, 2015, the United States Marshalls Service personally served Bank of George,
15 | T. Ryan Sullivan, President, with copies of the Preliminary Order of Forfeiture and the Notice. Notice
16 | of Filing Service of Process – USMS, ECF No. 341, p. 11-19.
17 |       This Court finds no petition was filed herein by or on behalf of any person or entity and the
18 | time for filing such petitions and claims has expired.
19 |       This Court finds no petitions are pending with regard to the assets named herein and the time
20 | for presenting such petitions has expired.
21 |       THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,
22 | title, and interest in the property hereinafter described is condemned, forfeited, and vested in the
23 | United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.
24 | 32.2(c)(2); Title 18, United States Code, Section 1963(a)(1), (a)(2), (a)(3), and (m); Title 18, United
25 | States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); and Title 21,
26 | United States Code, Section 853(n)(7) and (p) and shall be disposed of according to law:

1. Twenty-five thousand eight hundred seventy-three dollars and ten cents ($25,873.10) in United States Currency;
2. Seven thousand dollars ($7,000.00) in United States Currency;
3. One (1) stainless steel Rolex Oyster Perpetual Date Submariner, black dial and bezel, 40mm, Movement #31867604, Model #16610 T, Serial Z840628, 134 grams;
4. One (1) 18k yellow gold IWC Schaffhausen chronograph automatic wristwatch with leather, stamped on back 2684354 INTERNATIONAL WATCH CO., two sub dials, 41 mm case, 104.6 grams;
5. One (1) 18k yellow gold Rolex Oyster Perpetual Superlative Chronometer Cosmograph Daytona wristwatch and band, Serial #K258882, Model #116528, Band #78498, movement #C 0255271, white dial with three white sub dials having gold bezels, 39mm case, 179.3 grams;
6. One (1) 18k yellow gold Cartier Pasha Chronograph date wristwatch with leather band with 18k fold-over hidden clasp, Case #319453MG, presentation back, 38.4mm case, white dial with three sub dials and date, 108.8 grams;
7. One (1) stainless steel Girard-Perregaux Ferrari Chronograph wristwatch with leather band, stamped on back with Girard-Perregaux, Ferrari, AN 853 Ref 8020, Manufacture specialement pour FERRARI, black dial with prancing horse, three black sub dials and a date window, luminous hour markers and hands, 38mm case, 72.8 grams; and
8. Any and all ownership interest that defendant may hold in CLS Nevada, LLC, and any licenses, certificates or medallions held or used by CLS or any affiliated persons, agents or entities.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any

///

income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

Dated: May 27, 2015.

_____
UNITED STATES DISTRICT JUDGE